IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION


BOBBY LESHAWN BUCKLEY                                    PLAINTIFF

V.                                          CIVIL ACTION NO. 4:09CV010-A-S

CHRISTOPHER B. EPPS, et al.                              DEFENDANTS

<u>MEMORANDUM OPINION</u>

This matter is before the court *sua sponte* for insufficient service of process and lack of

personal jurisdiction.  Upon due consideration, the court finds that defendants Tiffany Caldwell and

Walter Baugh should be dismissed.

*A.  Factual Background*

This matter was filed in the Southern District of Mississippi on June 17, 2008, by the plaintiff

who is proceeding *pro se*.  The matter was transferred to this court on January 27, 2009.  The claims

are properly before the court pursuant to 42 U.S.C. § 1983 invoking the federal question jurisdiction.

Service of process was attempted on defendants Caldwell and Baugh at their last known

addresses.  The summons were returned unexecuted.  The plaintiff was given the opportunity to

provide valid addresses for service of process but has been unable to locate current addresses for

these respective defendants.

*B.  Service of Process*

Service of process is the physical means by which personal jurisdiction is asserted.  *See*

*Lexington Ins. Co. v. Buckley*, 925 So.2d 859, 865 (Miss. Ct. App. 2005).  Without proper service

of process, a court does not have jurisdiction over the person or entity being sued.  *Mansour v.*

*Charmax Indus., Inc.*, 680 So.2d 852, 854 (Miss. 1996).

Rule 4(e) of the Federal Rules of Civil Procedure provides the method of servicing process upon an individual:

> Unless federal law provides otherwise, and individual . . . may be served in a judicial district of the United States by:
> (1) following state law for serving a summons . . .; or
> (2) doing any of the following
>     (A) delivering a copy of the summons and of the complaint to the individual personally;
>     (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>     (C) delivering a copy of each to an agent authorized by appointment or by law to receive such process.

Under Mississippi law, service by first-class mail is permitted on an individual. M.R.C.P. 4(c)(3)(A). The plaintiff–not the court–is obligated to provide information regarding the appropriate defendant and information necessary to secure good process. *See Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) (an IFP plaintiff may not remain silent and do nothing to effectuate service). Here, the plaintiff has failed to provide a valid address for defendants Caldwell and Baugh. Without a valid address the defendants cannot be served with process. As a result, the court lacks jurisdiction over defendants Caldwell and Baugh and they shall be dismissed.

A separate order shall be entered this the 1st day of June, 2010.

**/s/ Sharion Aycock**
**U.S. DISTRICT JUDGE**