**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**BOBBY LESHAWN BUCKLEY**                                                                 **PLAINTIFF**

**v.**                                                                                           **No. 4:09CV10-A-V**

**CHRISTOPHER EPPS, ET AL.**                                                          **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court after a jury trial on the claims of *pro se* prisoner Bobby Leshawn Buckley brought under 42 U.S.C. § 1983. In the course of litigation, defendant Taleda Marion was served with process, but failed to plead or otherwise defend against the plaintiff's allegations. In accordance with Federal Rule of Civil Procedure 55, the Clerk of the Court issued a Notice of Default on August 5, 2011. The Notice of Default informed the plaintiff that, given Marion's failure to respond, "Entry of Default should be requested pursuant to Rule 55 of the Federal Rules of Civil Procedure . . . ." Mr. Buckley then moved for a Clerk's entry of default against Ms. Marion on August 23, 2011; the Clerk's Entry of Default was placed on the docket on August 25, 2011 [68]. Buckley did not, however, request a default judgment against Marion. The case then proceeded to trial with Marion as a defendant. Buckley presented his proof to the jury, and the defendants did likewise. Marion was named as a defendant in the Form of the Verdict presented to the jury. After deliberating, the jury returned a verdict in favor of all defendants, including Taleda Marion [97].

The court was concerned about the effect of the Clerk's Entry of Default might have on the verdict in favor of Taleda Marion and discussed the matter with the parties both before the jury deliberated and after the jury rendered its verdict. The court held judgment in abeyance and invited the parties to submit briefs on the issue, but the parties declined. For the reasons set forth below,

the court will leave the jury's verdict as to Taleda Marion undisturbed.

## Default Judgment

There are two steps in the default judgment process – one for the clerk and one for the court. *Jefferson v. Louisiana Dept. of Public Safety and Corrections*, No. 10-30618, 2010 WL 4608795 at *1 (5th Cir. Nov. 15, 2010). The first step is the entry of default by the Clerk of the Court. If the plaintiff files a sufficient application for entry of default, "the clerk must enter the party's default." *Id.* (citing FED. R. CIV. P. 55(a)). The entry of default operates as the defendant's admission of the plaintiff's well-pleaded allegations of fact. *Ohio Central Railroad Co. v. Central Trust Co. of N.Y.*, 133 U.S. 83, 10 S. Ct. 235, 33 L. Ed. 561 (1889). The corollary of this rule, however, is that there must be a sufficient basis to support the judgment entered. *Id.* The defendant is not held to admit facts that are not well-pled. A default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover. *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

The second step is the court's consideration of a default judgment. Under the federal rules, after the entry of default, the plaintiff must request that a default judgment be entered. Fed. R. Civ. P. 55(b). Entering a judgment based on the default is at the discretion of the court; the plaintiff is not entitled to a default judgment simply because of the earlier entry of default. *Jefferson*, 2010 WL

---

[1] Since this case was initiated by an inmate, it is governed by the Prison Litigation Reform Act, 42 U.S.C. § 1997e. The statute provides that "any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed." 42 § 1997e(g)(1). *See also, Husband v. Corrections Corp. of America*, 5:09cv118, 2009 WL 3488010 at *1 (S.D. Miss. Oct. 22, 2009) (citing the waiver provision as one basis for denying motion for default judgment).

4608795 at *2. Rather, a plaintiff must apply to the court for a judgment by default if the claim is unliquidated. *But see*, *Flaksa v. Little River Marine constr. Co.*, 389 F.2d 885, 887-88 n.2 (5th Cir. 1968) (a district court may enter a default judgment against a party who fails to prosecute *sua sponte* under proper circumstances).

A party is not entitled to a default judgment as a matter of right, even where a defendant is technically in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Default judgment is a drastic remedy not favored in the law and exercised only in extreme situations. *Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n.*, 874 F.2d 274, 276 (5th Cir. 1989). When reviewing a motion for default judgment, the court may conduct a hearing or accounting, determine the amount of damages, establish the truth of any allegation by evidence or investigate any other matter. FED. R. CIV. P. 55(b). Relevant factors for the court to consider on a motion for default judgment include whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obligated to set aside the default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Given the "seriousness of a default judgment, and although the standard of review is abuse of discretion, even a slight abuse of discretion may justify reversal." *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992). "Where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits." *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960).

In *Lewis v. Lynn*, 236 F.3d 766 (5th Cir. 2001), the Fifth Circuit reviewed the award of

summary judgment in favor of the defendants including one defendant who was in default and did not join the motion for summary judgment. The Court stated that "where a defending party establishes that plaintiff has no cause of action . . . this defense generally inures also to the benefit of a defaulting defendant." *Id.* at 768 (citations omitted). The Court concluded that "it would be 'incongruous' and 'unfair' to allow some defendants to prevail, while not providing the same benefit to similarly situated defendants." *Id.*

The *Lewis* opinion relied, in part, on *Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499, 1512 (5th Cir. 1984), which held that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." Both the *Lewis* and *Gulf Coast* holdings are derived from *Frow v. De La Vega*, 82 U.S. 552, 21 L. Ed. 60 (1872). *Frow* provides that,

> where a [complaint] makes a joint charge against several defendants, and one of them makes default, [a court] is simply to enter a default . . . and proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike–the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all.

*Id.* at 554; *see also, Simmons v. Twin City Towing*, 10-31047, 2011 WL 1853282 (5th Cir. May 17, 2011) (plaintiff appealed the dismissal of a defendant who was in default but against whom the plaintiff failed to seek a default judgment, dismissal affirmed); *Armenta v. Pryor*, No. 09-40298, 2010 WL 1849278 at *1 (5th Cir. May 10, 2010) (same).

**Discussion**

Nearly all the considerations involving default judgment weigh against its operation against Taleda Marion. First – and most importantly – Mr. Buckley did not request a default judgment. He could have done so after he obtained a Clerk's Entry of Default, but he did not. He could have done so at the trial, particularly during the discussion of the issue just prior to jury deliberations, but he did not. Although a court must construe the pleadings of a *pro se* party liberally[2], the court cannot litigate for him. It was Mr. Buckley's responsibility to seek default judgment, but he did not do so. Instead, he presented his case against Taleda Marion to the jury, which returned a verdict in her favor. As discussed above, because default judgment is disfavored under the law, a judgment rendered by a jury is the preferable method of resolving the issues in this case.

In addition, in the present case, the court would have denied a motion for default judgment based upon the nature of the allegations against Taleda Marion in the complaint. Buckley claimed (1) that defendant Marion was assigned as a tower officer for A zone; (2) that Marion failed to have inmate Brink locked down; (3) that inmate Brink asked Marion if he could pass an ice cooler to inmate Solomon; and, (4) that Marion opened the gate and inmate Brink ran towards the plaintiff. He alleged that all defendants knew or should have known of the danger posed by the gang members housed in Unit 32. These allegations suggest only that Marion was negligent in escorting and securing inmate Brink, and mere negligence is insufficient to support a § 1983 claim under the Prison Litigation Reform Act. *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S. Ct. 668 (1986). Finally, as the jury rejected Buckley's claims against the other defendants (which are based upon the same sequence of events), it is proper to

---

[2]*Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594 (1972).

dismiss Taleda Marion, as well. *See Frow, supra*. In sum, presenting the plaintiff's case against Taleda Marion to the jury was proper, and the jury's verdict will stand. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 7th day of March, 2012.

                                              /s/ Sharion Aycock
                                              **U.S. DISTRICT JUDGE**